UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-23665-CIV-MARTINEZ

TWJ 1101, LLC,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS THE COMPLAINT

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss (the "Motion"), (ECF No. 4). This Court has reviewed the Motion; Plaintiff's Response, (ECF No. 15); Defendant's Reply, (ECF No. 16); and pertinent portions of the record and is otherwise fully advised in the premises. After careful consideration, and for the reasons set forth herein, the Motion, is **GRANTED**.

## BACKGROUND

This case concerns a dispute over insurance coverage for loss or damage arising out of Hurricane Irma. In February 2015, Plaintiff hired Tudor Perini Building Corp. of America to construct the Panorama, an 82-story mixed-use development in Miami, Florida (the "Project"). (Compl. ¶ 4, ECF No. 1). In March 2015, the Defendant issued an insurance policy to Plaintiff covering the construction of the Project, effective March 31, 2015, through December 1, 2017. (*Id.* ¶ 5). Plaintiff alleges that on or about September 10, 2017, the Project sustained physical damage caused by Hurricane Irma. (*Id.* ¶ 8). Plaintiff further alleges that the damage resulting from

Hurricane Irma caused a delay in the completion of the Project beyond the projected completion date of December 1, 2017. (*Id.* at ¶ 12). As a result, Plaintiff claimed coverage under the Policy from Defendant for the loss caused by the delay. (*Id.* at ¶ 15). However, Plaintiff alleges that Defendant has not fully indemnified Plaintiff for the covered loss. (*Id.* ¶ 17). Plaintiff commenced this action on September 24, 2024, asserting a breach of contract claim (Count I), and seeking declaratory relief (Court II). (ECF No. 1). Defendant now moves to dismiss Plaintiff's claims, arguing they are barred by Florida's five-year statute of limitations. (*See generally* Mot.).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court will grant a motion to dismiss if the complaint fails to state a claim for which relief can be granted. To survive dismissal, the complaint must present sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009). Facial plausibility, under Rule 8(a)(2), requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, the Court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff." *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

## DISCUSSION

Defendant moves to dismiss the Complaint as this litigation was commenced more than seven years after the date of loss and is therefore barred by Florida's five-year statute of limitations. "A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations and quotations omitted). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint

that the claim is time barred." *Id.* "Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss . . . However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So.3d 324, 326 (Fla. 3d DCA 2011)).

Defendant argues dismissal "is warranted because Plaintiff's own allegations conclusively establish that its claims against Defendant are time-barred." (Mot. at 3). Florida has a five-year statute of limitations for breach of contract actions. Fla. Stat. § 95.11(2)(e). This limitations period "run[s] from the date of loss." Fla. Stat. § 95.11(2)(e). Here, the Complaint alleges that the loss occurred on September 10, 2017. (Compl. ¶ 8). As such, the statute of limitations deadline was September 12, 2022[1]. The Complaint, however, was not filed until September 24, 2024, more than seven years after the date of loss and two years after the statute of limitations period expired. (*See generally* Compl.). Accordingly, it is clear from the face of the pleadings that Plaintiff's breach of contract claim is time-barred.

In response to Defendant's Motion to Dismiss, Plaintiff does not dispute two essential facts in deciding whether this action is barred by Florida's five-year statute of limitations: first, that its insurance claim arises out of loss or damage that occurred on September 10, 2017, and second, that this action was commenced two years after the statute of limitations period expired. (*See*

---

[1] Five years from when Hurricane Irma struck South Florida on September 10, 2017, was Saturday, September 10, 2022. Florida law provides that "[w]here the last day of a limitation period falls on a Saturday, Sunday or legal holiday the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." *Moorey v. Eytchison & Hoppes, Inc.*, 338 So. 2d 558, 559 (Fla. 2d DCA 1976). Accordingly, because the last day of the applicable limitations period fell on a Saturday, the statute of limitations deadline was the following Monday, September 12, 2022.

*generally* Resp.). Instead, Plaintiff argues that Defendant should be equitably estopped from enforcing Florida's statute of limitations. (Resp. at 6–10). However, Plaintiff relies exclusively on allegations and documents outside of the pleadings to support its equitable estoppel theory. "A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)." "Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). As such, "the court may not consider the parties' briefs, affidavits or supplementary matters that fall beyond the plaintiff's complaint." *Thomas v. Johanns*, No. 05-411, 2006 WL 508034, *1 (M.D. Ala. Mar. 1, 2006) (citing *Milburn v. U.S.*, 734 F.2d 762, 765 (11th Cir. 1984)).

As to Plaintiff's declaratory relief claim, Defendant argues it is duplicative of the breach of contract claim. (Mot. at 4). *See Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co.*, 499 F. Supp. 3d 1178, 1191 (S.D. Fla. 2020) ("Declaratory judgment claims that functionally seek adjudication on the merits of a breach of contract claim are duplicative and cannot stand."). Plaintiff does not respond to this argument in its Response. (*See generally* Resp.). "A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. Also, when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014). Regardless, "[b]ecause the breach-of-contract claim is dismissed, no controversy exists. Accordingly, Count II is dismissed as well." *Mauricio Martinez, DMD, P.A. v. Allied Ins. Co. of Am.*, 483 F. Supp. 3d 1189, 1192 (M.D. Fla. 2020).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, (ECF No. 4), is **GRANTED**.

2. The Complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to **DENY** all pending motions as **MOOT** and to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30 day of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record